UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION FOR USA PURSUANT PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER APPOINTMENT FOR Computer Fraud Investigation | ML NO.: 19-471 |

*Reference:  DOJ Ref. No. CRM-182-58235*

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512,

appointing the undersigned attorney, Angela S. George, Trial Attorney, Office of International

Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently

designated by the Office of International Affairs), as a commissioner to collect evidence from

witnesses and to take such other action as is necessary to execute this and any subsequent,

supplemental requests for assistance with the above-captioned criminal matter from the Czech

Republic.  In support of this application, the United States asserts:

RELEVANT FACTS

1.      The Central Authority of the Czech Republic, the Supreme Public Prosecutor's

Office for the Czech Republic, submitted a request for assistance (the Request) to the United

States, pursuant to the Treaty between the United States of America and the Czech Republic on

Mutual Legal Assistance in Criminal Matters, U.S.-Czech Rep., Feb. 4, 1998, S. TREATY DOC.

NO. 105-47 (1998), as supplemented by the Supplementary Treaty on Mutual Legal Assistance

in Criminal Matters Between the United States of America and the Czech Republic, U.S. –

Czech, May 16, 2006, S. TREATY DOC. NO. 109-13 (Treaty).  As stated in the Request, the

District Public Prosecutor's Office in Prague 4 in the Czech Republic is investigating Michal

Skarda (Suspect), for unauthorized access to the computer system (computer fraud) and provision and possession of the access device and password to the computer system, which occurred on or about between May and August 2016, in violation of the criminal laws of the Czech Republic, namely, Sections 230 and 231 of the Czech Republic Criminal Code. Under the Treaty, the United States is obligated to assist in response to the Request.

2.       In this criminal investigation, the District Court for Prague 4 issued an order to search the home of the Suspect on August 24, 2016. Upon executing the search, Czech authorities found a large number of information technology equipment including a computer notebook, Dell XPSL702X, serial number HWWXFQQ1 (laptop computer). After seizing this computer device, Czech authorities submitted it to a computer expert (Expert). The Expert examined the notebook and determined that there were records of 175 cyber-attacks executed upon various websites from the laptop computer.

3.       Additionally, the Expert discovered other information technology software on the laptop computer that could be used to carry out additional cyber-attacks and password breaks. Further, the Expert's examination revealed that there were a large number of electronic mail (e-mail) accounts, PayPal accounts as well as debit and credit card information with Card Verification Value (CVV) codes. Czech authorities are still investigating whether this information is related to the executed and unexecuted aforementioned cyber-attacks. However, pursuant to an order issued by the District Court in Prague, Czech authorities were given authorization to monitor the Suspect's telephone calls. On these calls, the Suspect spoke with other individuals and offered the e-mail addresses, PayPal accounts, and the debit and credit card information with CVV codes and expiration dates in exchange for monetary remuneration.

4.       In addition to the PayPal account information, approximately 2,300 accounts, Czech authorities have identified over 1,000 debit and credit card accounts issued by six banks in the United States: (a) Bank of America, N.A (BIN codes 412421 and 528900).; (b) Wells Fargo

Bank, N.A. (BIN Code 414718); (c) JP Morgan Chase Bank (BIN Codes 426684 and 414720) ;

(d) Capital One Bank, N.A. (BN Code 438885); (e) Heritage Bank, N.A. (BIN Code 481183);

and (f) Bofi Federal Bank, N.A. (BIN Code 537697).

5.      To further the investigation, Czech authorities have asked U.S. authorities to

assist by obtaining records and verification from PayPal and the U.S. banks that the accounts

exist and are valid as of August 24, 2016.

## LEGAL BACKGROUND

### The Treaty

6.      A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl.2.  The provisions

of a treaty have equal footing with acts of Congress and are binding on the courts.  See Asakura

v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801);

United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty

should be construed liberally "to give effect to the purpose which animates it."  United States v.

Stuart, 489 U.S. 353 (368) (1989) (internal quotation marks omitted).  To the extent that the

provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes

the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

7.      The United States and the Czech Republic entered into the Treaty to promote

more effective judicial cooperation and assistance between the parties in criminal matters.  See

Treaty pmbl. The Treaty obligates each party, upon request, to provide assistance to the other in

criminal investigations, prosecutions, and related proceedings, including assistance in serving

documents, obtaining testimony, statements, and records, and executing searches and seizures.

Article 1.  In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use

compulsory measures to further the execution of such requests.  Article 5(1) ("The . . . courts . . .

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

shall have . . . authority to issue such orders to execute a request . . . as are authorized under the laws of the Requested State. . .").

8.      When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

> *                    *                    *

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

> *                    *                    *

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

9.      Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2]  This section provides clear authority for the federal courts, upon application duly

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. §

4

authorized by an appropriate official of the Department of Justice, to issue orders which are necessary to execute a foreign request.

10.     An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)-(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a).

11.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority

---

3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of Section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1) and Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).  A sample "Commissioner's Subpoena" is included as Attachment A.

REQUEST FOR ORDER

12.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Supreme Public Prosecutor's Office of the Czech Republic, the designated Central Authority in the Czech Republic and seeks assistance in the investigation of computer fraud and provision and possession of the access device and password to the computer system, criminal offenses in the Czech Republic.  The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of business and bank records falls squarely within that contemplated by the Treaty and Section 3512.  Finally, this application was properly filed in the District of Columbia.

13.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

14.     When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S.

criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a treaty request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipient(s) of any given commissioner subpoena.

15.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Angela S. George, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent

supplemental requests in connection with the same matter, to do so in a manner consistent with

the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By:  Angela S. George
Trial Attorney
D.C. Bar Number 470567
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 514-4653 telephone
Angela.George@usdoj.gov

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF USA PURSUANT  )
TO 18 U.S.C. § 3512 FOR ORDER FOR  )
COMMISSIONER'S APPOINTMENT FOR     )
Computer Fraud Investigation       )
                                   )
                                   )

*Reference*: *DOJ Ref. # CRM-182-58235*
***(Please repeat when responding.)***

<u>COMMISSIONER'S SUBPOENA</u>

TO: PayPal, Inc.

I, Commissioner Angela S. George, Trial Attorney, Office of International Affairs,

Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this

Court's Order signed on _____, for the purpose of rendering assistance to

_____, command that you provide the following documents regarding (an)

alleged violation(s) of the laws of _____; specifically,

_____, in violation of Section _____ of the

_____ Code.

Provide records to International Affairs Specialist _____ by emailing them to

_____ or by mailing via FedEx either a paper copy of the records or any

commonly used digital storage device loaded with the files to the following mailing address by

_____, 20__:

International Affairs Specialist Vyacheslav Dade
U.S. Department of Justice
Office of International Affairs
301 New York Avenue, N.W., 8th Floor
Washington, D.C. 20530
Vyacheslav.Dade@usdoj.gov
(202) 616-5627

Pursuant to the Court's Order signed on _____, 20__, no notice of this subpoena or

its contents is to be given to any person unless otherwise authorized to do so by the Court, except

that _____ may notify _____ attorney for the purpose of obtaining legal

advice.

For failure to provide records or for disclosure of the existence of the subpoena, you may

be deemed guilty of contempt and liable to penalties under the law.

Date: _____

COMMISSIONER
Angela S. George
Trial Attorney
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 514-4653
Angela.George@usdoj.gov